Martin, J.
The plaintiff states, that he purchased from the defendants a treasury note, of the sum of $1000, with interest, for which he paid the amount due on the face of the note, with a premium of one per cent; that the paper which was delivered to him, purporting to be a treasury note, was one which had been redeemed by the United. States, and by them received in payment of duties, whereby it had become absolutely valueless. The petition concluded with a prayer for judgment for the money paid to the defendants, with interest and costs.
The answer admits the sale of the treasury note, and denies all the other allegations.
There was judgment for the plaintiff, and the defendants have appealed. The evidence shows, that after the note was received at the Custom House in payment of duties, the word “cancelled” was written on two parts of it, across its face ; that it was afterward purloined by an unknown person, and the word “cancel-led” extracted by chemical process, and the note put into circulation. The defendants, into whose hands it came, on selling it *173 to the plaintiff, endorsed on it the words “ without recourse,” written over their signatures.
The counsel for the defendants and appellants, has not denied any part-of the evidence thus introduced by the plaintiff and appellee, but contends, that the First Judge erred in concluding that the note was valueless. He has shown, that the officers of the United States, in the Treasury Department, and in the Custom House at New Orleans, were guilty of gross neglect, after the discovery of the note having been purloined, in refraining to give notice of it to the public ; that they endeavored to conceal the fact for some time, with the view thereby to discover the offender ; and that several months after the note was purloined, a semi-annual payment of interest on it was made, and the note recognized as a genuine and valid one, by being stamped as one on which the interest had been paid, and suffered to return into circulation.
We have considered the defence in the most favorable point of view in which it can be placed for the defendants. We have assumed for the sake of argument, that the conduct of the officers of the Treasury Department, of the Custom House, and of the bank at which the interest was paid, has been such as to entitle the fair holder of the note to demand its amount from the United States.
It is clear, that the sale must be rescinded on account of the error of the plaintiff, (and we believe of the defendants also,) as to the substance of the object of the sale. Whatever may be its value, if it be not in substance what the purchaser believed he was receiving, his error must invalidate the sale, because it prevented his consent. Non videtur, qui err at, consentiré. Pothier gives us, as an example of an error in the substance of the thing, that of a purchaser of a pair of silver candlesticks, who receives a pair of inferior metal, which, indeed, are not valueless, for they may be used for all those purposes for which silver candlesticks can be employed. His error' does not result from his having purchased something valueless, but something different from that which he wished to purchase. It may be true, that the note under consideration, on a representation of all the facts of the case to the Congress of the United States, or probably to some *174 officer of the Treasury Department, will be ordered' to be paid ; but this would burthen the holder with delay, trouble and expense. It may be said, that the note is evidence of a claim on the United States ; but if it be, it is that of an unliquidated claim. If the character of the note, and all the circumstances attending its redemption, the purloining of it, and the conduct of the officers of the United States before and after the purloining, had been disclosed to.the plaintiff when he purchased the note, it is clear he would not have given a premium of one per cent on its amount, for the chance of a successful application at Washington, for the reimbursement of what he advanced. He wished to purchase, and he believed he was purchasing an unadulterated treasury note, receivable in payment of duties at the Custom House, and saleable at the market price — one which he could not be compelled to take back after he had sold it. He was in an error when he received as such the note which is the object of the present suit. His error prevented his consent; and the absence of his consent deprived the sale of all its effects and consequences.
Before the sale, the defendants had a claim, as their counsel has urged, and we assume, on the United States for the amount of the note. This claim was a fair object of sale, if its nature had been disclosed ; but that was concealed, and was probably unknown to them, and what was offered for sale was something quite different from this claim, resulting from events posterior to the receipt of the note at the Custom House, in the payment of duties. Our learned brother in the Commercial Court did not err.

Judgment affirmed.